**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-01173-001-TUC-CKJ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Eloy Ernesto Martinez, Jr., | |
| Defendant. | |

Before the Court is Defendant's Motion to Quash Warrant and/or Violation; or, in the Alternative[,] in Absentia to Concurrent Term.  (Doc. 85)  For the reasons that follow, Defendant's motion is DENIED.

**PROCEDURAL HISTORY**

On June 10, 2014, Defendant Eloy Ernesto Martinez Jr., along with a co-defendant, was arrested for attempting to smuggle illegal aliens into the country from Mexico.  On July 10, 2014, Defendant pleaded guilty to one count of Conspiracy to Transport Illegal Aliens for Profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (a)(1)(A)(ii).  On November 25, 2014, the Court sentenced Defendant to twelve months and one day of incarceration followed by three years of supervised release.  On November 5, 2015, Defendant was released from prison and began his thee-year term of supervised release.  On June 12, 2018, before his term of supervised release expired, a warrant was issued for Defendant's arrest, as he was found to have violated terms of his release including the repeated use of various controlled substances.  On September 10, 2018, Defendant

appeared in front of the Court and admitted violating the terms of his supervised release. On November 5, 2018, the Court revoked Defendant's supervised released and sentenced him to four months incarceration followed by twenty-seven months of supervised release. On November 19, 2018, Defendant was released from prison and began his new term of supervised release. On March 18, 2019, an arrest warrant was issued by the Court, as Defendant was once again found to have violated the terms of his supervised release. With the Court's warrant still outstanding, on or around August 15, 2019, Defendant was arrested in Maricopa County for possession of dangerous drugs in violation of A.R.S. § 13-3407(A).[1] According to Defendant, he is currently in the custody of the Arizona Department of Corrections serving a forty-five-month prison sentence and is scheduled to be released on August 16, 2022. This Order follows.

## LEGAL STANDARD

Under Federal Sentencing Guidelines, a district court, under certain circumstances, has the power to revoke a term of supervised release after the term of supervised release has expired. *United States v. Garrett*, 253 F.3d 443, 446 (9th Cir. 2001); 18 U.S.C. § 3583(i). 18 U.S.C. § 3583 provides:

> (i) Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i) (2016).

The Ninth Circuit expounded on this statutory language, explaining that:

---

[1] Maricopa County Clerk of Superior Court, http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2019-138613 (last visited Jan. 21, 2021).

- 2 -

> [A] district court can revoke a term of supervised release after that term has expired if: (1) a violation warrant or summons was issued before the term expired; and (2) the delay between the end of the term of supervised release and the district court's revocation order is "reasonably necessary for the adjudication of matters arising before [the term's] expiration."

*United States v. Garrett,* 253 F.3d at 446 (alteration in original).

## ANALYSIS

The question before the Court is whether Defendant's revocation hearing may be postponed until *after* Defendant has served his sentence on an unrelated state charge. In the motion at hand, Defendant requests that the Court quash its outstanding March 18, 2019 arrest warrant and sentence him, in absentia, to a term of imprisonment that would run concurrently (i.e., at the same time) with the sentence that he is currently serving in state custody. In support of his request, Defendant argues, without supporting caselaw, that the interests of justice would be served by dismissing any outstanding warrant against him or by granting his motion and sentencing him to a term of imprisonment that would run concurrently with his present sentence. In response, the Government asserts that Defendant's motion should be denied, as Defendant fails to include any legal or factual support for his request.

In evaluating Defendant's request, the Court finds that Defendant's term of supervised release will expire on February 18, 2021, an arrest warrant was issued on March 18, 2019 (approximately twenty-three months before Defendant's supervised release expiration date), and that any delay between February 18, 2021, and the Court's prospective revocation order is reasonably necessary due, at least in part, to Defendant's unrelated prison sentence that concludes well after the expiration of his term of supervised release. *See United States v. Madden*, 515 F.3d 601, 607 (9th Cir. 2008) (finding "the delay between the execution of [a] September 2002 warrant and the [September 2005] hearing in which [the defendant] was sentenced for his violation of supervised release was caused by court proceedings, which[,] in turn[,] were caused by [the defendant's] own conduct").

In the alternative, the Court also finds that Defendant's motion is unripe, as

- 3 -

Defendant has yet to be arrested for a violation of supervised release. *See United States v. Vavages*, No. CR-11-03469-001-TUC-CKJ (LCK), 2020 WL 4284408, at *1 (D. Ariz. July 27, 2020) (citation omitted) (ruling "courts generally invoke the ripeness doctrine and refuse to decide matters which would involve 'entangling themselves in abstract disagreements' "); *see also United States v. Garrett*, 253 F.3d 443, 448 (9th Cir. 2001) (reiterating that "the federal government is not constitutionally required to writ a defendant out of state custody and into federal custody for purposes of executing a violation warrant").

Accordingly, Defendant's motion to quash warrant or, in the alternative, to be sentenced concurrently to his present sentence is DENIED.

**IT IS ORDERED:**

1. Defendant's Motion to Quash Warrant and/or Violation; or, in the Alternative[,] in Absentia to Concurrent Term (Doc. 85) is DENIED.

2. The Clerk of Court shall mail a copy of this Order to:

> Eloy Ernesto Martinez Jr., ADC# 300680
> Red Rock Correctional Center
> 1750 East Arica Road
> Eloy, AZ 85131

Dated this 22nd day of January, 2021.

Honorable Cindy K. Jorgenson
United States District Judge